**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4075

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN LEE PHELPS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (6:04-cr-00607-GRA)

Submitted: October 31, 2006          Decided: November 3, 2006

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew R. MacKenzie, BARRETT MACKENZIE, L.L.C., Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steven L. Phelps pled guilty to one count of conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841, 846 (2000), one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924 (West 2000 & Supp. 2006). The district court sentenced Phelps to 262 months in prison. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the issue of whether Phelps' sentence was reasonable. Although Phelps was advised of his right to file a pro se supplemental brief, he has not filed one.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court no longer is bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range, as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Phelps' sentence was within the guideline range of 262 to 327 months' imprisonment, as well as the statutory maximum of life in prison. <u>See</u> 18 U.S.C.A. § 924. Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3353(a) factors, we find the sentence reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Phelps' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>